UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

ILLUMINA, INC.,

                              Plaintiff,

                                                                Case No. _____

    v.

ILLUMAVISTA BIOSCIENCES LLC,

                              Defendant.

_____

**COMPLAINT AND JURY DEMAND**

_____

Plaintiff Illumina, Inc. ("Plaintiff" or "Illumina"), by its attorneys, Reinhart, Boerner, Van Deuren s.c., as and for its complaint against defendant, Illumavista Biosciences LLC ("Defendant" or "Illumavista"), alleges as follows:

**NATURE OF THE CASE**

1.      This is an action for trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act, 15 U.S.C. §§ 1051-1127 and unfair competition under Wisconsin common law.

2.      Illumina brings this action to protect one of its most valuable assets, namely the goodwill and consumer recognition associated with its ILLUMINA name and marks (collectively, the "Marks"), which Illumina has used for many years in connection with life science tools and integrated systems for the analysis of genetic variation and function, including microarrays and sequencing services and bioinformatics analysis of customer data.  Illumina promptly contacted Defendant after learning of Defendant's use of the confusingly similar ILLUMAVISTA designation in connection with products and

services that are substantially similar to the products and services with which Illumina uses its Marks.  Despite Illumina's objections, without Illumina's authorization or consent, and with constructive and actual knowledge of Illumina's prior rights in the Marks, Defendant nevertheless has continued to use the ILLUMAVISTA mark in connection with microarray technology and bioinformatics data analysis services.

## PARTIES

3. Plaintiff Illumina is a Delaware corporation with a principal place of business at 5200 Illumina Way, San Diego, CA 92122.

4. Defendant Illumavista is a Wisconsin limited liability company with its principal place of business at 510 Charmany Drive, Suite 57, Madison, WI 53719-1266.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act.  This Court also has supplemental jurisdiction over Illumina's claim that arises under the laws of the State of Wisconsin pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant develops, markets, offers to sell, and sells products and services in this jurisdiction, which are used or consumed within this state in the ordinary course of Defendant's business.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the activities giving rise to the claims alleged herein occurred in this District, and Defendant may be found in this District.

## BACKGROUND

### A.  Illumina's Activities and Rights

8.  Illumina is a biosciences company that develops, markets, and sells instruments, assays, and reagents for DNA sequencing, genotyping, and expression analysis under the ILLUMINA trademark. Plaintiff also provides microarray and sequencing services, including bioinformatics analysis of customer data and whole-genome Chromatin IP sequencing (ChIP-Seq), under the ILLUMINA trademark.

9.  Plaintiff's sequencing services, among other things, are used to uncover the genetic origins of cancer. As such, Illumina engages in significant cancer research and is currently involved in a sequencing project for ovarian cancer research.

10.  On the applications page of its website, Illumina carries the tagline, "Illuminating the Dysfunctional Cancer Genome."

11.  Illumina owns Epicentre Biotechnologies, which is headquartered in Madison, Wisconsin. Similar to Illumina as a whole, Epicentre manufactures and sells kits and reagents for DNA and RNA sequencing, gene express analysis, DNA and RNA purification, and microbial genomics, among other things.

12.  In addition to its presence in the Midwest, Illumina's products and services are used in the United States and worldwide in academic, commercial, and government laboratories.

13.  Illumina has obtained U.S. trademark registrations for the mark ILLUMINA (U.S. Reg. Nos. 2632507, 2756703, and 2471539) in connection with its various scientific products and services. Registration No. 2632507 was filed on August 18, 2000 and registered on October 8, 2002. Registration No. 2756703 was filed on

August 18, 2000 and registered on August 26, 2003. Registration No. 2471539 was filed on June 15, 2000 and registered on July 24, 2001. See the printout from the U.S. Patent and Trademark Office attached as Exhibit 1.

14. Illumina has obtained a U.S. trademark registration for the mark ILLUMINADX (U.S. Reg. No. 4053668 ) in connection with its molecular diagnostic products and services. Registration No. 4053668 was filed on May 28, 2009 and registered on November 8, 2011. See the printout from the U.S. Patent and Trademark Office attached as Exhibit 2.

15. Illumina also uses several other formatives of ILLUMINA as trademarks, such as ILLUMICODE, ILLUMINOTES, ILLUMINACONNECT, and ILLUMINACOMPUTE.

16. Illumina uses the mark ILLUMICODE in connection with DNA microarrays. Illumina has been using the mark ILLUMICODE in commerce since at least as early as August 2002.

17. Illumina uses the mark ILLUMINOTES in connection with newsletters featuring information in the life sciences field. Illumina has been using the mark ILLUMINOTES since at least as early as April 2006.

18. Illumina uses the mark ILLUMINACONNECT in connection with an online forum for sharing information about DNA sequencing. Illumina has been using the mark ILLUMINACONNECT since at least as early as January 2007.

19. Illumina uses the mark ILLUMINACOMPUTE in connection with its computing solution for human scale genomic data analysis. Illumina has been using the mark ILLUMINACOMPUTE since at least as early as October 2009.

4

20. Since its founding in 1998, Illumina has extensively used the Marks in connection with its comprehensive line of products and services to provide sequencing and array-based solutions in the field of genomics.

21. The Marks are valuable trademarks of Plaintiff and represent valuable assets of Illumina.

### B. Defendant's Infringing Activities.

22. Defendant is a biosciences company that develops, markets and sells a SNAP (Specificity and Affinity for Proteins) microarray technology that determines sequence specificity of DNA-binding molecules in the genome under the ILLUMAVISTA mark. Defendant also provides bioinformatics data analysis services for SNAP microarrays, ChIP-Seq, among others under the ILLUMAVISTA mark.

23. Defendant also engages in significant cancer research. The National Cancer Institute awarded Defendant a grant to study genetic variations in prostate cancer, and the Department of Defense recently granted Defendant a pilot award in ovarian cancer research.

24. On the home page of its website, Defendant carries the tagline, "Illuminating the genome." In that tagline, the letters, ILLUMINA, are lined up directly under Defendant's name, Illumavista.

25. Defendant is headquartered in Madison, Wisconsin, thus has a significant presence in the Midwest, but also offers its products and services in the United States and worldwide.

26. On information and belief, Defendant began using the ILLUMAVISTA mark in connection with its SNAP microarray technology and bioinformatics data analysis services in fall 2011.

27. On information and belief, Defendant began using its mark ILLUMAVISTA with actual knowledge of Plaintiff's Marks.

28. Illumina has not granted consent, either written or otherwise, to the Defendant to develop and market the SNAP microarray technology and bioinformatics data analysis services under the name "Illumavista."

29. Illumina's first use of the Marks in commerce and first use in interstate commerce all predate the Defendant's respective date of first use and date of first use in interstate commerce.

30. Illumina's filing date for ILLUMINA trademark registration predates Defendant's date of first use of ILLUMAVISTA in interstate commerce.

31. Illumina's filing date for ILLUMINADX trademark registration predates Defendant's date of first use of ILLUMAVISTA in interstate commerce.

32. Defendant's marketing and sale of SNAP microarray technology and bioinformatics data analysis services under the ILLUMAVISTA mark are likely to cause consumer confusion in the marketplace and constitute trademark infringement of Illumina's Marks.

33. Upon information and belief, Defendant's use, and continued use, of the ILLUMAVISTA mark is willful and intentional, done for the purpose of trading upon the valuable goodwill and public recognition built up by Illumina in its intellectual property.

Defendant continues to use the Marks after Defendant was put on written notice of Illumina's rights and the harm caused to Illumina by Defendant's actions.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)(a)

34. Illumina realleges and incorporates herein paragraphs 1 through 33 of this Complaint.

35. Pursuant to 15 U.S.C. § 1072, Defendant had constructive knowledge of Illumina's federally-registered ILLUMINA and ILLUMINADX marks prior to its unauthorized use of the ILLUMAVISTA mark that is confusingly similar to those registered marks.

36. By virtue of the renown of Illumina's products and services in the genomics field, upon information and belief, Defendant also had actual knowledge of Illumina's rights in its federally-registered ILLUMINA and ILLUMINADX marks prior to Defendant's unauthorized use of the ILLUMAVISTA mark.

37. Defendant has deliberately and willfully used the ILLUMAVISTA mark in an attempt to trade upon the enormous goodwill, reputation, and selling power established by Plaintiff under its ILLUMINA and ILLUMINADX marks, and to pass its SNAP microarray technology and bioinformatics data analysis services off as those of Illumina.

38. Illumina has not consented to, and in fact has objected to, Defendant's use of the ILLUMAVISTA mark in connection with Defendant's SNAP microarray technology and bioinformatics data analysis services.

39. Defendant's unauthorized use of the ILLUMAVISTA mark in the genomics field and in connection with Defendant's SNAP microarray technology and bioinformatics data analysis services is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Illumina in violation of 15 U.S.C. § 1114.

40. Defendant's unauthorized conduct also has deprived and will continue to deprive Illumina of the ability to control the consumer perception of the products and services provided under the ILLUMINA and ILLUMINADX marks, placing the valuable reputation and goodwill of Illumina in the hands of Defendant, over whom Illumina has no control.

41. The intentional nature of Defendant's aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

42. As a result of Defendant's acts, Illumina has suffered substantial damage and irreparable harm constituting an injury for which Illumina has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Illumina will continue to suffer irreparable harm.

## COUNT II

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

43. Illumina realleges and incorporates herein paragraphs 1 through 42 of this Complaint.

44. Defendant has deliberately and willfully used the ILLUMAVISTA mark in an attempt to trade on the enormous goodwill, reputation and selling power built up by Illumina in connection with the Marks, as well as in order to confuse consumers as to the

origin and sponsorship of Defendant's substantially identical microarray technology and bioinformatics data analysis services in the genomics field.

45. Defendant's unauthorized conduct also has deprived and will continue to deprive Illumina of the ability to control consumer perception of the tools and service provided under the Marks, placing the valuable reputation and goodwill of Illumina in the hands of Defendant, over whom Illumina has no control.

46. Defendant's conduct is likely to cause in the future, confusion, mistake or deception as to the affiliation, connection or association of Defendant with Illumina, and as to the origin, sponsorship or approval of Defendant and its respective microarray technology and bioinformatics data analysis services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

47. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

48. As a result of Defendant's aforesaid conduct, Illumina has suffered substantial damage and irreparable harm constituting an injury for which Illumina has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Illumina will continue to suffer irreparable harm.

## COUNT III

### UNFAIR COMPETITION

49. Illumina realleges and incorporates herein paragraphs 1 through 48 of this Complaint.

50. Defendant's acts described above constitute unfair competition in violation of Wisconsin common law, as the aforementioned acts amount to an intentional misappropriation of Illumina's Marks, reputation, and commercial advantage.

51. Defendant's use of the ILLUMAVISTA mark, a mark that is similar to Illumina's Marks, in connection with substantially similar microarray technology and bioinformatics data analysis services in the genomics field, with which Illumina uses its well-known Marks, is likely to confuse and deceive the public by allowing Defendant to pass off its respective technology and services as being affiliated with, sanctioned by or authorized by Illumina. Defendant's use of the ILLUMAVISTA mark also will cause prospective consumers to believe that Defendant's microarray technology and bioinformatics data analysis services are those of Illumina, emanate from the same source as Illumina's products and services or are approved by, sponsored by or are in some manner affiliated or connected with Illumina.

52. Defendant has willfully and intentionally misappropriated and exploited the valuable intellectual property rights and goodwill in Illumina's Marks. As a result of its wrongful actions, Defendant will be unjustly enriched.

53. As a result of Defendant's aforesaid conduct, Illumina has suffered substantial damage and irreparable harm constituting an injury for which Illumina has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Illumina will continue to suffer irreparable harm.

## JURY DEMAND

54. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Illumina requests a jury trial of all issues that may be tried to a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, Illumina requests that this Court enter a judgment in favor of Illumina and against Defendant as follows:

    A.    Preliminarily and permanently enjoining and restraining the Defendant, its employees, agents and representatives, and all persons acting in concert or in participation with it, from: (1) using, selling, offering for sale, holding for sale, advertising or promoting any products or services under or in connection with any trade name, trademark, service mark or Internet domain name that is comprised in whole or in part of the terms ILLUMINA or any of the Marks, or any term confusingly similar thereto, including, but not limited to, the domain name <illumavista.com>; or (2) doing any act or thing that is likely to induce the belief that Defendant's products or services are in some way connected with Illumina's business or services, or that is likely to injure or damage Illumina's name, marks or business; and

    B.    Ordering Defendant to take all steps necessary to cancel any state or local business registrations, including corporate name registrations and dba filings, that include the ILLUMAVISTA name or mark or amend those registrations to names that do not include the ILLUMAVISTA name or mark, and to remove any references to any business registrations, including corporate names and dba filings, that include the ILLUMAVISTA name or mark;

    C.    Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Illumina within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendant

11

has complied with the injunction, including ceasing all offering of products and services under the ILLUMAVISTA name and mark;

  D. Directing Defendant to provide an accounting of profits made by Defendant and ordering that Plaintiff shall recover from Defendant all of its damages and costs arising from Defendant's unlawful conduct, and a sum equal to three times these profits and damages pursuant to 15 U.S.C. § 1117;

  E. Awarding to Illumina its actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the unlawful conduct of Defendant complained of herein, and that such damages be trebled;

  F. Awarding Illumina exemplary damages against Defendant in an amount sufficient to deter similar conduct in the future;

  G. Awarding Illumina reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117;

  H. Awarding Illumina prejudgment and post-judgment interest on any monetary award pursuant to 15 U.S.C. § 1117, in an amount to be determined at trial; and

  I. Awarding Illumina such other and further relief as this Court may deem just and proper.

13

Dated this 27th day of November, 2012.

                                      s/ David G. Hanson
                                      David G. Hanson
                                      WI State Bar ID No. 1019486
                                      dhanson@reinhartlaw.com
                                      Jennifer L. Naeger
                                      WI State Bar ID No. 1084165
                                      jnaeger@reinhartlaw.com
                                      Reinhart Boerner Van Deuren s.c.
                                      1000 North Water Street, Suite 1700
                                      Milwaukee, WI 53202
                                      Telephone:  414-298-1000
                                      Facsimile:  414-298-8097

                                      Attorneys for Plaintiff

REINHART\9198674